PETERSON, Respondent, v. KING, et al, Appellants.

(166 N. W. 1087.)

(File No. 4247.    Opinion filed March 8, 1918.)

Brokers—Suit for Compensation as "Middle-man"—Compensation From Both Parties, Ignorance by One, of Dual Compensation —Evidence, Sufficiency.

In a suit to recover compensation for services in bringing defendants and a third party together, through which an exchange of properties was consummated, held, that the evidence was sufficient to go to the jury, tending to support plaintiff's claim that he was a "middle-man."

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Edward Peterson, against J. N. King and The King Land & Loan Company, to recover compensation for services as a "middle-man" in bringing about an exchange of properties between defendants and a third party. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Parliman & Parliman*, for Appellants.

*Jones & Matthews*, (*Boyce, Warren & Fairbank*, of counsel), for Respondent.

WHITING, P. J.   Action to recover compensation which plaintiff claims is due him from defendants upon an express contract for services in bringing defendants and a third party together, through which bringing together an exchange of properties was consummated between such parties.   Verdict and judgment for plaintiff, and from the judgment and an order denying a new trial defendants have appealed.   Two questions of fact are presented for our consideration.

Appellants contend that, under the undisputed evidence, it appears that respondent was not a mere "middleman," but was in fact the agent of appellants, and as such occupied a relation of trust and confidence, under which he was not entitled to receive compensation from both parties to the exchange, unless each of said parties knew that he was to receive compensation from the other, and that the evidence shows the other party to the exchange to have been ignorant of the fact that respondent was to receive compensation from appellants.   Appellants raise no question as to the law governing the rights of a "middleman," nor does respondent as to those governing the rights of one who occupies a relation of trust toward the parties for whom he acts.   Appellants asked and the court gave an instruction under which, if the jury found respondent to be a "middleman," he was entitled to recover.   Appellants now insist that there was no evidence upon which the jury could find respondent to be a "middleman."   If that were true, the instruction they asked for was improper.   After a careful examination of the record, we are of the opinion that there was evidence, sufficient to go to the jury, supporting respondent's claim that he was a "middleman."   It therefore becomes unnecessary to consider the other issue of fact raised.

The judgment and order appealed from are affirmed.